FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 3 1 2000

JAMES W. McCORMACK, CLER
By:_____
　　　　　　　　DEP CLER

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CHARLES WAYNE BEWLEY**　　　　　　　　　　　　　　　　　　　PLAINTIFF

VS.　　　　NO. 4-00 CV00669 GH

**LAWRENCE JOHNSON**, individually,
and in his official capacity as the Chief
of Police in and for the City of Little
Rock, Arkansas; **CARLOS CORBIN**, in
his official capacity as a Little Rock
Police Officer; and the **CITY OF
LITTLE ROCK, ARKANSAS**　　　　　　　　　　　　　　　　　　　DEFENDANTS

This case assigned to District Judge **Howard**
and to Magistrate Judge **Cavaneau**

## COMPLAINT

Comes the Plaintiff, **Charles Wayne Bewley**, by and through his attorneys, Victra L. Fewell and Edward G. Adcock, and for his Complaint against the Defendants named herein, states and alleges:

### I.

### Introduction

This is an action for declaratory, injunctive and monetary relief brought by the Plaintiff, **Charles Wayne Bewley**, against Lawrence Johnson and the City of Little Rock, Arkansas, alleging as more specifically set forth below, a) that Defendant Johnson, acting individually and in his official capacity as the Chief of Police in and for the City of Little Rock, did discriminate against Plaintiff in employment on the basis of race thereby denying Plaintiff the equal protection of law guaranteed him by and through the Fourteenth Amendment to the Constitution of the United States of America, [1] b) that the acts of Defendant Johnson complained of above were

---

[1] Plaintiff has also filed a Charge of Discrimination alleging discrimination on the basis of race in promotions with the Equal Employment Opportunity Commission and will move to amend his Complaint herein to include that claim upon receipt of a Notice of Right to Sue.

DOCUMENT
NUMBER
1

part of a pattern, practice and policy of the City of Little Rock which condoned and encouraged discrimination against white applicants for promotion in the Little Rock Police Department, also in violation of the right to equal protection of law secured to Plaintiff by and through the Fourteenth Amendment to the Constitution of the United States of America, and c) that the acts and conduct of Defendants complained of herein had the practical effect of giving preference in promotions at all ranks in the Little Rock Police Department to lesser qualified individuals with lower composite scores on the City's evaluative components for promotion in violation of Arkansas's Civil Service Act.

## II.

## Jurisdiction and Venue

1. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) & (4) to redress deprivations of rights guaranteed by the Constitution of the United States, specifically the right to equal protection of law guaranteed by the Fourteenth Amendment. This Court's ancillary jurisdiction is also invoked pursuant to 28 U.S.C. § 1367(a) to pursue a state claim of violation of Arkansas's Civil Service Act.

2. Venue of this Court is proper pursuant to 28 U.S.C. Section 1391(b) in that all conduct complained of herein occurred and all claims raised herein arose within the boundaries of the Eastern District of Arkansas.

## III.

## The Parties

3. Plaintiff Charles Wayne Bewley is an adult citizen of the United States residing in Benton, Saline County, Arkansas. Plaintiff is white. At all times pertinent hereto he served as a Lieutenant in the Little Rock Police Department.

4. Defendant Lawrence Johnson is an adult citizen of the United States residing in Little Rock, Pulaski County, Arkansas. Defendant Johnson is Black. At all times pertinent

hereto Defendant Johnson served as the Chief of Police in and for the City of Little Rock, Arkansas. The acts and conduct of Defendant Johnson complained of herein were done under color of state law and constitute "state action" within the meaning of 42 U.S.C. § 1983.

5. Defendant Carlos Corbin is an adult citizen of the United States residing in Little Rock, Pulaski County, Arkansas. Defendant Corbin is Black. Defendant Corbin received the promotion to the rank of Captain to which Plaintiff claims he [Plaintiff] was entitled, *see* Section IV, paragraph nos. 9 & 10, below, and is named as a defendant herein only because the Supreme Court of Arkansas has held that all affected employees must be within the jurisdiction of the Court to facilitate adequate equitable, injunctive relief pursuant to Arkansas's Civil Service Act. Plaintiff is not seeking monetary damages from Defendant Corbin.

6. Defendant City of Little Rock, Arkansas is a governmental entity organized and acting pursuant to the laws of the State of Arkansas. All of the acts and conduct of employees/officials of the Defendant City of Little Rock, Arkansas complained of herein were done under color of state law and constitute "state action" within the meaning of 42 U.S.C. § 1983.

## IV.

### The Facts

7. Plaintiff Bewley was at all times pertinent hereto employed as a Lieutenant in and for the Little Rock Police Department. Plaintiff had performed well as a police officer in and for the City of Little Rock receiving numerous awards and certificates and consistently good performance evaluations throughout his career. Plaintiff was never subject to serious employee employee discipline of any kind.

8. Plaintiff Bewley competed in the City of Little Rock's evaluative process for promotion to the rank of Captain. Upon information and belief, the evaluative process adopted and utilized by the City of Little Rock is designed to gauge applicants' relative fitness for promotion and is used to rank applicants for promotion in the rank order of their composite scores. Ultimately, upon completion of the process, Plaintiff was certified second on the eligibility

3

list promulgated by the Little Rock Civil Service Commission pursuant to Arkansas's Civil Service Act. Defendant Corbin was certified third on the eligibility list.

9. Arkansas's Civil Service Act has a "rule of 1 of 3" which, on its face, allows the promoting authority to select any one of the top three candidates for promotion to any vacancy. It also requires, however, that the Civil Service Commission promulgate rules providing written tests and evaluative components that gauge the relative fitness of applicants for promotion and promotion of the best qualified candidate for any given vacancy.

10. On August 16, 2000, Defendant Johnson passed over Plaintiff and promoted Defendant Corbin to the rank of Captain. As a practical matter, this means that, inasmuch as the eligibility list remains effective for only one (1) year, Plaintiff may be effectively denied the opportunity for promotion to that rank during this promotion cycle and, hence, adversely affects his career opportunities and career prospects.

11. Plaintiff is better qualified for promotion than Defendant Corbin. Defendant Johnson's decision to pass over Plaintiff in favor of a lesser qualified black Lieutenant was based upon Plaintiff's race, thereby denying him the equal protection of the law.

12. Defendant Johnson's decision to pass over Plaintiff for promotion is part and parcel of a pattern, practice and custom of the City of Little Rock which condones and encourages discrimination against white applicants for promotion in the Little Rock Police Department.

13. That, in fact, Defendant Johnson's decision was part and parcel of a pattern, practice and custom of the City which condones and encourages discrimination against white applicants for promotion is evidenced by the fact that the City regularly and consistently utilizes the rule of 1 of 3, *see* Paragraph No. 9, above, to pass over white applicants in favor of black applicants with lower composite scores. In point of fact, upon information and belief, for a period of at least five (5) years the City of Little Rock has <u>never</u> promoted a white applicant when doing so would defeat or even delay the promotion of a black applicant while, during the same time period, the City has <u>always</u> passed over white applicants to the benefit of black applicants with lower composite scores when given the opportunity.

14.     As a result of the conduct and actions of the Defendants, as described above, Plaintiff has suffered actual injury, including but not limited to violation of his rights guaranteed by the U. S. Constitution as well as loss of income, loss of income potential, loss of career opportunities as well as humiliation and emotional distress.

15.     The acts and conduct of Defendant Johnson complained of herein were willful and malicious and done with the specific, purposeful intent to harm Plaintiff and to deprive him of his constitutionally- guaranteed right to equal protection of the law.

16.     The acts and conduct of Defendant Johnson complained of herein were in violation of the specific terms of Arkansas's Civil Service Act.

## V.

### Demand for a Jury Trial

17.     Plaintiff requests a trial by jury.

## VI.

### Causes of Action

18.     Plaintiff incorporates Paragraph Nos. 1 through 17, above, as though specifically set forth word-for-word, and sets forth the following causes of action, *to wit*:

(a)     that the actions and conduct of Defendant Johnson complained of herein, *i.e.*, his decision to pass over Plaintiff for promotion, as described above, deprived Plaintiff of his right to the equal protection of law secured to him by the Fourteenth Amendment to the Constitution of the United States of America;

(b)     that the actions and conduct of Defendant Johnson complained of herein were part and parcel of a pattern, practice and custom of the City of Little Rock which deprived Plaintiff of his right to the equal protection of law secured to him by the Fourteenth Amendment to the Constitution of the United States of America; and,

(c)     that the acts and conduct of these defendants violated the express terms of Arkansas's Civil Service Act.

## VII.

### Prayer for Relief

**WHEREFORE**, in consideration of the foregoing, Plaintiff, **Charles Wayne Bewley**, after service of this Complaint upon the Defendants herein, prays the Clerk set this matter for trial by jury and, upon a verdict thereon, prays for this Court to enter Judgment:

(a) declaring the acts and conduct of the Defendant Johnson complained of herein deprived Plaintiff of his constitutionally-protected right to the equal protection of law in violation of the Fourteenth Amendment to the Constitution of the U. S.;

(b) declaring that the acts and conduct of Defendant Johnson complained of herein were a part of a pattern, practice and custom of the City of Little Rock encouraging and condoning discrimination on the basis of race in violation of the Fourteenth Amendment to the Constitution of the U. S.;

(c) ordering the City to promote Plaintiff to the rank of Captain effective August 16, 2000 with full back pay and benefits as well as actual and compensatory damages;

(d) awarding Plaintiff punitive damages against Defendant Johnson;

(e) awarding Plaintiff prejudgment interest;

(f) awarding Plaintiff his costs, including reasonable attorneys' fees.

DATED this _30th_ day of _August_, _2000_.

Respectfully submitted,

**CHARLES WAYNE BEWLEY**

By: _Victra L. Fewell_
Victra L. Fewell
Arkansas Bar No. 78053
LAW OFFICES OF GARY GREEN
2311 Biscayne Drive
Little Rock, AR 72205
Phone: (501) 224 - 7400

&

By: _____
Edward G. Adcock
**Arkansas Bar No. 83001**
1018 Cumberland # 11
Little Rock, AR. 72202
Phone: (501) 375-2702

Attorneys for Plaintiff,
  Charles Wayne Bewley