IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHARLES WAYNE BEWLEY                                          PLAINTIFF

V.                          CASE NO. 4:00CV00669GH

LAWRENCE JOHNSON, Individually
and in his Official Capacity as the Chief
of Police in and for the City of Little Rock,
Arkansas; CARLOS CORBIN, in his official
capacity as a Little Rock Police Officer; and the
CITY OF LITTLE ROCK, ARKANSAS                         DEFENDANTS

## MOTION FOR SUMMARY JUDGMENT

The Defendants respectfully come before this honorable Court, by and through undersigned counsel, and for their Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(b), state:

1. The Plaintiff, Lieutenant Charles Wayne Bewley ("Lieutenant Bewley" or "Plaintiff"), brings this action against Little Rock Police Chief Lawrence Johnson ("Chief Johnson") individually and in his official capacity as Chief of Police of the City of Little Rock, Captain Carlos Corbin in his official capacity, and the City of Little Rock, Arkansas ("City"). The suit alleges that Chief Johnson intentionally discriminated against Lieutenant Bewley on the basis of race by not selecting him for promotion from the most recent promotion list certified by the Little Rock Civil Service Commission ("the Commission").

2. Lieutenant Bewley alleges that Chief Johnson acted pursuant to a custom, policy and practice of the City which "condoned and encouraged discrimination against white applicants for promotion in the Little Rock Police Department ("LRPD")." He claims that the actions of Chief Johnson and the City resulted in a violation of his right to equal protection of the law guaranteed by the Fourteenth Amendment to the United States Constitution, and also violated provisions of

Arkansas civil service law. The undisputed material facts in this case clearly indicate that Defendants are entitled to summary judgment on all counts and the case should be dismissed with prejudice.

3. The relevant civil service statute, Ark. Code Ann. § 14-51-301 (Michie Supp. 1999), provides that the Commission must establish eligibility lists for promotion based upon open competitive examinations. The Commission did this.

4. Once a list of successful candidates has been certified by the Commission, the department head, in this case the Police Chief, is authorized by state statute to select for promotion one of the three standing highest on the eligibility list. *See* § 14-51-301(b)(6) (Michie Supp. 1999). State law deems each of these three candidates to be equally qualified for promotion. There is no provision in the civil service law mentioned above requiring that the chief strictly follow rank order in making promotions. The Arkansas Supreme Court has so held in *Burcham v. City of Van Buren*, 330 Ark. 451, 954 S.W.2d 266 (1997). The undisputed facts demonstrate that Chief Johnson properly followed Arkansas civil service law in making the promotions at issue in this case.

5. Summary judgment is also appropriate with respect to Lieutenant Bewley's claim of denial of equal protection. The City maintains a written policy of equal employment opportunity regarding all employment practices, including promotions. Pursuant to the City's policy, factors such as race shall not be considered. Courts have consistently required equal protection plaintiffs to allege and prove more than different treatment by government officials. One of the key requirements a plaintiff must meet is to allege and prove intentional and purposeful discrimination. In this case, the only evidence Lieutenant Bewley can offer in support of his claim that he was not promoted because of his race is his own statement. There is no City policy which was the moving force behind any alleged constitutional deprivation suffered by Plaintiff. The affidavits and exhibits supporting Defendants'

Motion for Summary Judgment clearly show that there is no direct evidence of intentional purposeful discrimination.

6. Defendants also respectfully submit that there is no circumstantial evidence to support Lieutenant Bewley's claim. The exhibits submitted in support of this motion clearly demonstrate that there is *no* pattern and practice of wrongfully denying white employees promotions in violation of their rights to equal protection. Even when drawing all inferences from the underlying facts in the light most favorable to Lieutenant Bewley, there can simply be no finding that Defendants have violated his right to equal protection.

7. Chief Johnson is also entitled to summary judgment in his individual capacity on the defense of qualified immunity. To deny Chief Johnson qualified immunity, the Court would have to conclude that the record as it exists, when viewed in the light most favorable to Lieutenant Bewley, would allow a reasonable finder of fact to conclude that a reasonable police chief, acting under Arkansas law, engaged in a course of conduct that violated Lieutenant Bewley's clearly established constitutional rights. The Court would also have to find as a matter of law that no reasonable official would have thought that Chief Johnson's decision to promote Captain Corbin rather than Lieutenant Bewley was lawful. Because the Arkansas civil service statute at issue has been upheld, Chief Johnson should be dismissed from the case in his individual capacity based on the defense of qualified immunity. There was no clearly established law in place, of which he should have been aware, that suggested the Arkansas statute violated the Fourteenth Amendment.

8. Defendants are mindful that parties are typically allowed ample time to conduct discovery before a Court enters summary judgment. However, the undisputed material facts in this case indicate that no discovery is necessary. As a result, summary judgment is appropriate at this time.

9. In support of their motion, Defendants have attached as Exhibits 1, 2 and 3, the affidavits of Chief Johnson, Human Resources Director Don Flegal and Jim Foster, a Statement of Undisputed Material Facts in support of the Motion for Summary Judgment, and a Memorandum Brief in support of the Motion.

**WHEREFORE**, the Defendants pray that the Court will grant their Motion for Summary Judgment and dismiss the Complaint with prejudice.

Respectfully submitted,

Thomas M. Carpenter
City Attorney

By: *William C. Mann, III*
William C. Mann, III, #79199
Chief Deputy City Attorney
City Hall - Suite 310
500 West Markham
Little Rock, Arkansas 72201
(501) 371-4527

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon Vicki Fewell, 2311 Biscayne, Suite 300, Little Rock, Arkansas 72227-9880, and Edward G. Adcock, 1018 Cumberland, Suite 11, Little Rock, Arkansas 72201, by placing same in the U. S. Mail, postage prepaid, on this 6th day of October, 2000.

*William C. Mann, III*
William C. Mann, III

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

*Exhibits Attached to Original Document in Court's Case File*