

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 1 6 2001

JAMES W McCORMACK, CLERK
BY: _____
DEP. CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHARLES WAYNE BEWLEY                                           PLAINTIFF

Case Number: **4:00cv00669 GH**

LAWRENCE JOHNSON, ET AL.                                       DEFENDANTS

<u>ORDER</u>

Plaintiff brings this action alleging that Little Rock Police Chief Lawrence Johnson (Johnson) discriminated against him on the basis of race when plaintiff was not selected for promotion.

Plaintiff, a Caucasian, is a Lieutenant with the Little Rock Police Department (LRPD). Johnson, an African American, was appointed Chief of Police of the LRPD on March 1, 2000. On August 10, 2000, the Little Rock Civil Service Commission, pursuant to Ark. Code Ann. § 14-51-301(b)(9)(A)(i) established an eligibility list for promotion to Captain.[1] The eligibility list

---

[1] The relevant statutory provision governing civil service for the police department provides:
(a)(1) The board provided for in this chapter shall prescribe, amend, and enforce rules and regulations governing the fire and police departments of their respective cities.
(2) The rules and regulations shall have the same force and effect of law.
(3) The board shall keep a record of its examinations and shall investigate the enforcement and effect of this chapter and the rules as provided for in this section.
(b) These rules shall provide for

. . . .

(2) Open competitive examination to test the relative fitness of applicants for the positions;

-1-



for promotion, based on open competitive examinations, remains in effect for a period of one year.

Pursuant to Ark. Code Ann. §14-41-301(b)(6), the Commission certifies to the department head of the LRPD the three applicants standing highest on the eligibility list for the particular rank of service at issue for the Chief to select for promotion. Any of the top three candidates are eligible for promotion.

On August 16, 2000, Johnson promoted David G. Ebinger, a Caucasian, and Carlos A.

---

. . . .

(B) The examinations may be held on the first Monday in April or the first Monday in October, or both, and more often, if necessary, under such rules and regulations as may be prescribed by the board;
(4)(A)(i) The creation and maintenance of current eligibles lists for each rank of employment in the departments, in which shall be entered the names of the successful candidates in the order of their standing in the examination. However, for ranks in each department where there may not be openings during an annual period, the board may establish rules to create the eligibles list on an as needed basis.
. . . .
(B)(i) All lists for appointments or promotions as certified by the board shall be and remain in force and effect for the period of one (1) year from the date thereof.
. . . .
(6) Certification to the department head of the three (3) standing highest on the eligibility list for appointment for that rank of service, and for the department head to select for appointment or promotion one (1) of the three (3) certified to him and notify the commission thereof;
. . . .
(9)(A)(i) Establishing eligibility lists for promotion based upon open competitive examinations.
(ii) The exams may include a rating of applicants based on results of written, oral, or practical examinations, length of service, efficiency ratings, and educational or vocational qualifications.
(iii) Lists shall be created for each rank of service and promotions made from the lists as provided in this section.

Ark. Code Ann.§ 14-51-301

Corbin, an African American, to the rank of Captain in the LRPD. Ebinger and Corbin were ranked first and third on the list at the time they were promoted. Plaintiff was ranked second on the list. Also, on that date, Timothy Calhoun, a Caucasian, was promoted to rank of Lieutenant. Calhoun had been ranked first on the list certified by the Commission; however there were no African American candidates eligible for promotion in the top three on that particular eligibility list.

At the time of their promotions, Ebinger and Corbin had been serving in the rank of lieutenant since July 26, 1997. Plaintiff was promoted to lieutenant on November 7, 1998.

Plaintiff alleges that the actions of Johnson violated plaintiff's right to Equal Protection, that the actions of Johnson were part and parcel of a pattern, practice and custom of the City of Little Rock which condones and encourages discrimination against white applicants for promotion in the Little Rock Police Department (LRPD), and that the conduct of defendants violated the Arkansas Civil Service Act.

The Court finds that plaintiff's claim that defendants violated the Arkansas Civil Service Act must be dismissed. Despite plaintiff's attempt to demonstrate that Johnson did not adhere to the Civil Service Act, the Court cannot so find. Johnson was free to promote any of the top three on the eligibility list, as all were ranked as qualified for promotion. See Burcham v. City of Van Buren, 330 Ark. 451, 455 (1997) (each time position becomes available, commission is required to submit the names of the three applicants with the highest examination scores from which the police chief can choose) Johnson followed the provisions of the Civil Service Act. Time in grade was something he could validly consider in determining whom to promote. The Act provides that the top three candidates are eligible for promotion, and that Johnson could

choose any of the three.

Plaintiff also seeks to hold the City of Little Rock liable. Plaintiff must identify a municipal policy or custom that caused his injury in order to hold the City liable under §1983. See Bd of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997).[2] Here, plaintiff contends that over the past eight years, every time the City has had only one vacancy and had an African American candidate in the top three eligible position, it bypassed the white candidates to promote the eligible African American candidate ranked lower on the list.

The Court is not persuaded that plaintiff has established that the City has engaged in a pattern or practice of race discrimination with regard to promotions in the LRPD. The evidence fails to establish the existence of a continuing, widespread, persistent pattern of discrimination against white employees. See Ware v. Jackson County, 150 F. 3d 873, 880 (8th Cir. 1998) (elements for establishing "custom or usage"). Indeed, contrary to plaintiff's assertions, an African American candidate was not always promoted over the white candidate in the few instances where the opportunity was presented for such an action to occur. Furthermore, the promotion decisions of which plaintiff complains were all made by Johnson's predecessor in office, Louie Caudell.

The Court finds that summary judgment should be entered in favor of the City of Little

---

[2] Municipal liability may also be imposed where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered. Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986). Plaintiff does not contend that Johnson had final decision making authority with regard to the promotion decision. See Villanueva v. City of Fort Pierce, Florida, 24 F. Supp. 2d 1364, 1369 (S. D. Fla. 1998) (police chief was not "final policymaker" with regard to promotion where his discretionary authority was limited to choosing one of the top three employees of the promotional list).

Rock and Johnson in his official capacity.

As discussed above, plaintiff contends that Johnson discriminated against him on the basis of race when he was not promoted to Captain. In a failure-to-promote claim a plaintiff must show that :(1) he was a member of a protected group; (2) he was qualified and applied for a promotion to a position for which the employer was seeking applicants; (3) he was not promoted; and (4) similarly situated employees, not part of the protected group, were promoted instead. Austin v. Minnesota Min. & Mfg. Co., 193 F.3d 992, 995 (8th Cir. 1999). However, because plaintiff is a white male, some courts have modified the traditional prima facie test to deal with the first element. See Mills v. Health Care Serv. Corp., 171 F. 3d 450, 455-56 (7th Cir. 1999) (discussing cases). The Eighth Circuit has adopted the "background circumstances" test in a gender discrimination case in the context of a Bivens action. Duffy v. Wolle, 123 F. 3d 1026 (8th Cir. 1997), cert. denied. 118 S. Ct. 1839 (1998) Hence, in a reverse discrimination case, plaintiff must show "'that background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority.'" Id.. at1036(citations omitted). But see Iadimarco v. Runyon, 190 F.3d 151, 157 - 161 (3d Cir. 1999) (analyzing cases but rejecting "background circumstances" requirement of reverse discrimination cases)

Plaintiff points to the fact that Johnson promoted a less qualified person for the position as evidence that Johnson "is that unusual employer who discriminates against the majority." Id. at 1037. However, a review of the record reveals that plaintiff was not more qualified for the position based on the objective factor Johnson considered. That is, Johnson chose Corbin because he had more experience, or time in rank, as a lieutenant.

Even assuming that plaintiff met his burden of establishing a prima facie case of discrimination, the Court must find that plaintiff failed to present evidence of pretext. The fact that plaintiff had more experience or expertise than Corbin in certain areas is not evidence of pretext. See Duffy, 123 F. 3d at 1038. All three individuals were qualified and available for Johnson to promote. Johnson chose Corbin, who had sixteen months more experience than plaintiff as a lieutenant. Plaintiff has presented no evidence from which the Court could find that race was a factor in the decision to not promote plaintiff.

Accordingly, the motion for summary judgment is granted. All claims are hereby dismissed and judgment will be entered in favor of defendants. Plaintiff's motion to withdraw exhibit 3 is granted.

IT IS SO ORDERED this __16__ day of February, 2001.

*George Howard, Jr.*
UNITED STATES DISTRICT JUDGE

THIS DOCUMENT ENTERED ON DOCKET SHEET IN
COMPLIANCE WITH RULE 58 AND/OR 79(a) FRCP
ON __2/20/01__ BY __bonds__

```
                    F I L E   C O P Y
                                                                lob
              UNITED STATES DISTRICT COURT
                 Eastern District of Arkansas
                      U.S. Court House
                 600 West Capitol, Suite 402
              Little Rock, Arkansas 72201-3325
```

February 20, 2001

* * MAILING CERTIFICATE OF CLERK * *

Re:  4:00-cv-00669.

True and correct copies of the attached were mailed by the clerk to the following:    press, post, file

    Victra L. Fewell, Esq.
    Law Offices of Gary Green
    2311 Biscayne Drive
    Suite 300
    Little Rock, AR   72227-9880

    Edward G. Adcock, Esq.
    Attorney at Law
    1018 Cumberland #11
    Little Rock, AR   72202

    William C. Mann III, Esq.
    Little Rock City Attorney's Office
    500 West Markham Street
    Room 310
    Little Rock, AR   72201-1496

                                                    James W. McCormack, Clerk

     2/20/01                                    Lorna Bonds
Date: _____        BY: _____